IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| OWENS CORNING, *et al.*, | ) | Case Nos. 00-3837 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**
**AND STATEMENT OF THE ISSUES TO BE PRESENTED**

The State of North Dakota, by and through its undersigned counsel, hereby sets forth the following Designation of Items to be Included in the Record on Appeal, pursuant to Bankruptcy Rule 8006:

| **EXHIBIT** | **ENTRY DATE** | **DOCKET NO.** | **DOCUMENT** |
|---|---|---|---|
| 1. | 12/02/2004 | 13515 | Notice of Debtors' Objection to Asbestos Property Damage Claims of the State of North Dakota (Claim # 8774 and # 8922) |
| 2. | 01/7/2005 | 14093 | Speights & Runyan's Consolidated Response to Debtor's Objections to Certain Asbestos Property Damage Claims |
| 3. | N/A (Hearing held on 01/24/2005) | N/A (no. docket entry available) | Excerpts from Transcript of 1/24/05 Omnibus Hearing Before Honorable Judith K. Fitzgerald, United States Bankruptcy Judge |
| 4. | 02/22/2005 | 14540 | Debtors' Summary of and Compendium of Legal Authorities |
| 5. | 03/04/2005 | 14619 | Speights & Runyan's First Supplemental Response to Debtors' Objections to Asbestos Property Damage Claims of Garrison Public School District #51 (Claim # 8783, Claim # 8926) |

| | | | |
|---|---|---|---|
| 6. | 03/04/2005 | 14620 | State of North Dakota's Joinder in Speights & Runyan's First Supplemental Response to Debtors' Objections to Asbestos Property Damage Claims of Garrison Public School District #51 (Claim # 8783, Claim # 8926) |
| 7. | 04/29/2005 | 15054 | Debtors' Motion Pursuant to Del.Bankr.LR9006-1(d) to File Reply in Support of its Objections to Certain Asbestos Property Damage Claims |
| 8. | 5/24/2005 | 15198 | Transcript of 5/16/05 Hearing Before Honorable Judith K. Fitzgerald, United States Bankruptcy Judge |
| 9. | 05/16/05 | 15139 | Order Granting Debtors' Motion Pursuant to Del.Bankr.LR 9006-1(d) to File Reply in Support of its Objections to Certain Asbestos Property Damage Claims |
| 10. | 06/17/2005 | 15385 | State of North Dakota's Sur-Reply to Debtors' Reply to State of North Dakota's Response to Debtors' Objections to State of North Dakota's Asbestos Property Damage Claims (Claim #8783, Claim #8926) |
| 11. | 07/05/2005 | 15368 | Certification of Counsel Regarding Debtors' Objection to Asbestos Property Damage Claims of the State of North Dakota (Claim #8774 and #8922) |
| 12. | 07/07/2005 | 15404 | Excerpts from Transcript of 6/21/05 Omnibus Hearing Before Honorable Judith K. Fitzgerald, United States Bankruptcy Judge |
| 13. | 07/08/2005 | 15414 | Order Granting Objection to Asbestos Property Damage Claims of the State of North Dakota (Claim #8774 and #8922) |

| | | | |
|---|---|---|---|
| 14. | 07/12/2005 | 15436 | Notice of Appeal (Re: Docket No. 15414) |

## STATEMENT OF THE ISSUES TO BE PRESENTED

1. Did the Bankruptcy Court err when it ruled that the asbestos property damage claims asserted by the State of North Dakota in this case are barred under the laws of North Dakota?

2. When the North Dakota Legislature enacted North Dakota Cent. Code §28-01-47(2), did it intend to bar all public building claims for asbestos property damage after August 1, 1997, even if those claims did not exist as of August 1, 1997?

3. Is North Dakota Cent. Code §28-01-47(2) a statute of repose?

4. Did the State of North Dakota have the right under North Dakota law to file suit in State Court in North Dakota prior to August 1, 1997, for the asbestos property damage claims asserted in this case?

5. Did the North Dakota Legislature intend to remove the injury component from the burden of proof for a public building owner in the State of North Dakota by the enactment of North Dakota Cent. Code §28-01-47(2)?

6. Did the North Dakota Legislature create a new cause of action under North Dakota Cent. Code §28-01-47(2) for public building owners so that they could file suit in State Court prior to August 1, 1997, for asbestos property damage claims, even though no such cause of action existed under North Dakota law prior to that date?

7. Is North Dakota Cent. Code §28-01-47(2) ambiguous?

8. Did the North Dakota Legislature intend through the enactment of North Dakota Cent. Code §28-01-47(2) to remove the burden from the public building property owner to establish in a lawsuit that the asbestos containing products were harmful and, therefore, causing damages?

9. Did the North Dakota Legislature intend through the enactment of North Dakota Cent. Code §28-01-47(2) to prohibit a defendant in a asbestos property damage lawsuit by a public building owner from asserting a defense that the subject asbestos containing products were not causing any harm and, therefore, not defective products?

10. Did the North Dakota Legislature intend through the enactment of North Dakota Cent. Code §28-01-47(2) to declare that all asbestos containing products installed in public buildings were per se defective products and, therefore, subjecting the manufacturers and sellers of those asbestos containing products to strict liability in tort?

DATED: July 22, 2005                                        FERRY, JOSEPH & PEARCE, P.A.


/s/ Theodore J. Tacconelli
Theodore J. Tacconelli (No. 2678)
824 Market Street, Suite 904
Wilmington, DE 19801
Telephone: (302)575-1555
Local Counsel for State of North Dakota

-and-

SPEIGHTS & RUNYAN
Daniel A. Speights (SC Bar No. 4252)
200 Jackson Avenue East
Post Office Box 685
Hampton, SC 29924
Telephone: (803)943-4444
Counsel for State of North Dakota