IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| OWENS CORNING, *et al.*, | : | Case Nos. 00-3837 (JKF) |
| | : | |
| Debtors. | : | (Jointly Administered) |

Hearing Date: January 24, 2005 at 10:00 a.m.
Response Deadline: January 7, 2005 at 4:00 p.m.
Before the Honorable Judith K. Fitzgerald
U.S. Bankruptcy Court, 824 North Market St.,
Wilmington, DE 19801

### DEBTORS' OBJECTION TO ASBESTOS PROPERTY DAMAGE CLAIMS OF THE STATE OF NORTH DAKOTA (CLAIM # 8774 AND # 8922)

Owens Corning and its affiliated debtors and debtors-in-possession in the above-captioned case (the "Debtors"), by and through their undersigned attorneys, pursuant to sections 105(a) and 502 of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure, hereby object (the "Objection") to the asbestos property damage claims filed against Owens Corning and Fibreboard by the State of North Dakota (claim # 8774 as to Owens Corning, claim # 8922 as to Fibreboard) (collectively, the "Disputed Claims") and request that the Court enter an order disallowing and expunging the Disputed Claims in their entirety. In support of this Objection, the Debtors respectfully represent as follows:

1.      This Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Objection is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409. No previous request for the relief sought herein has been made to this or any other court.

## Introduction

2.     On October 5, 2000 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for reorganization under Chapter 11 of Bankruptcy Code.

3.     Since filing their petitions for relief, the Debtors have continued to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.     On October 23, 2000, the United States Trustee appointed the Official Committee of General Unsecured Creditors (the "Creditors' Committee") and the Official Committee of Asbestos Claimants (the "Asbestos Committee" and, together with the Creditors' Committee, the "Committees").

5.     By Order dated September 28, 2001, the Court approved the appointment of Judge James J. McMonagle, Esquire as the Legal Future for Future Claimants in connection with the Debtors' cases.

6.     The statutory predicates for the relief requested herein are section 502 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 3007 and Del.Bankr.LR 3007-1.

## The Business of the Debtors

7.     Owens Corning, together with its debtor and non-debtor affiliates (collectively, the "Company"), is a world leader in the manufacture and sale of building material systems and composites systems.  The Company employs approximately 18,000 persons worldwide and is headquartered in Toledo, Ohio.

8.     The Company produces and sells insulation, roofing systems, exterior systems for the home and glass fiber materials used in composites.  The Debtors conduct their manufacturing, distribution and sales operations primarily in the United States, but the Company has operations worldwide.

A-13

9.      The Company had net sales of approximately $5 billion per year in the last four years. Excluding provisions for asbestos litigation claims, Owens Corning has been profitable for years.

10.     The Debtors commenced these Chapter 11 cases to protect the Company's business and value for all of its constituents, and to resolve all claims, including asbestos claims, asserted against it.

Bar Date

11.     By Order dated October 6, 2000, the Court authorized Robert L. Berger & Associates, LLC, to serve as the Debtors' claims agent (the "Claims Agent").

12.     On November 27, 2001, this Court signed an Order Pursuant to Bankruptcy Rule 3003(c)(3): (i) Fixing General Claims Bar Date for Filing Certain Proofs of Claim; (ii) Approving Proposed Proof of Claim Form, General Claims Bar Date Notice and Related Publication Procedures; and (iii) Approving Proposed Employee and Retiree Claims Notification Procedures (the "Bar Date Order"). Pursuant to the Bar Date Order, the deadline for filing proofs of claim, other than certain "Excluded Claims," was April 15, 2002 (the "Bar Date"). Notice of the Bar Date was (a) mailed to all known creditors of the Debtors, other than creditors asserting asbestos-related personal injury and asbestos-related wrongful death claims and (b) published in The Wall Street Journal (National Edition), The New York Times (National Edition) and numerous other newspapers and publications.

Background

13.     On the Petition Date, only six asbestos property damage claims were pending against Owens Corning and Fibreboard Corporation ("Fibreboard"), respectively. Of those, only two had been active in the prior five years. This small number of claims was not unusual. In
A-14
fact, in the five years leading up to the Petition Date, Owens Corning, for example, had paid to

resolve only four asbestos property damage claims. In total, over the 15 years period prior to the Petition date, Owens Corning paid $13.8 million for individual asbestos property damage claims.[1] Fibreboard's total payments were even less, approximately $7.7 million.

14.    The vast majority of pre-Petition asbestos property damage claims against Owens Corning and Fibreboard, however, were resolved for no money at all. Indeed, over 90% of all asbestos property damage claims against the Debtors were so-called "zero pays", generally because the claimant lacked product identification, or the claim was untimely.

15.    The establishment of the Bar Date attracted property damage claims and property damage claim values far in excess of the Debtors' historical experience. In all, 693 asbestos property damage proofs of claim were filed against the Debtors asserting claims in excess of $797 million.

16.    Unlike asbestos personal injury claims, the Debtors do not anticipate receiving any valid future asbestos property damage "demands." And the Debtors will take the position that any such future claims are precluded by the bar date.

17.    On January 7, 2003, the Debtors filed a motion requesting that the Court issue a case management order requiring asbestos property damage claimants to provide the Debtors with certain basic information both to discover whether the property damage claimants actually had any basis for filing a proof of claim and, if so, to enable the Debtors to begin to assess the validity and value of these claims. As the Court stated during the hearing on the Debtors' motion for the case management order, "filing a claim that says, there may be records, there may not, isn't enough. I can't see how the debtor, in any way, can decide whether or not a particular

---

[1]    Excluding the claims of three class actions, which Owens Corning resolved for approximately $10 million.

claimant has, in fact, alleged or proven an injury against the debtor's products without a product identification and some information about when, where, and how that product was used." (February 24, 2003, Hearing Tr. at 65-66).

18.    On March 31, 2003, the Court entered a case management order (the "March 31 Order") requiring all property damage claimants to serve on the Debtors basic information about their claim (the "Supporting Evidence") within 120 days after the date of the Court's order.  The Supporting Evidence to be provided included:

(a)  the name and address of each building for which a property damage claim is asserted;

(b)  for each building the basis for the belief that such building contains asbestos-containing products manufactured or sold by the Debtors and the time frame in which such products were installed;

(c)  for each building, the date on which the first asbestos abatement or other repair occurred and the date claimant filed its first property damage claim relating to asbestos containing pipe covering or block against any defendant; and

(d)  the linear feet of Debtor(s) product in such building or claimed value of such claim. See March 31 Order at 2.

19.    The March 31 Order also provided that that "claims not filed in compliance with this Order shall be subject to disallowance proceedings if commenced" and limited each claim to the "buildings (or other discrete locations) for which the Supporting Evidence is provided in accordance with this Order".

20.    The March 31 Order also required that within 180 days of the Order, the Debtors would search their computerized databases for information relating to the presence of their asbestos-containing products at each property for which a property damage claimant provided to

the Debtors the name and address of the property and the time frame within which the asbestos-containing products were installed at such property, and at any other location in that geographic region which might reasonably lead to the discovery of such information and provide the results to counsel for such claimants. *See* March 31 Order at 2-3.

21.    In response to the Bar Date and the March 31 Order, the State of North Dakota provided the information attached as Exhibit 1 to the Declaration of Sean Mack ("Mack Dec."), attached hereto as Exhibit A. *See* Mack Dec. at ¶5. The State of North Dakota identified 232 buildings as the buildings for which it filed property damage claims. The State represented that Owens Corning's asbestos containing products were installed in only 6 of those 232 buildings, and provided no information indicating that any Fibreboard asbestos containing product was ever installed in any of the buildings. The State provided dates of installation of asbestos containing pipe or block insulation for only 12 of the 232 buildings. Of these 12, two dates were prior to 1954, and the latest date of installation was 1972. The State provided claim values for 7 buildings. The State provided dates of first abatement for only three buildings. The State represented that it filed its first asbestos property damage claim relating to asbestos pipe covering or block (the types of asbestos products once manufactured by Owens Corning and Fibreboard) against another defendant in 1994. *See* Mack Dec., Ex. 1.

22.    Owens Corning's electronic invoice database indicates that its product was delivered within the State of North Dakota, but contains no information supporting the presence of Owens Corning's asbestos containing products specifically in any of the 232 buildings identified by the State of North Dakota. *See* Declaration of Vicki Wilson, attached hereto, as Exhibit B.

A-17

Relief Requested

23.     Pursuant to this Objection, as well as the March 31 Order which provided that "claims not filed in compliance with this Order shall be subject to disallowance proceedings if commenced," the Debtors request that the Court disallow and expunge in their entirety the Disputed Claims.

Basis for Relief

24.     Based on the information provided in support of the Disputed Claims with the proof of claim and in response to the March 31 Order, the Debtors respectfully submit that the Disputed Claims should be disallowed because (i) the undisputed evidence demonstrates that the Disputed Claims are barred by the applicable statutes of limitation and repose, (ii) no evidence of any kind has been presented indicating that Fibreboard's asbestos containing products were installed in claimant's buildings and (iii) for additional reasons under applicable state law.

25.     Consistent with a case management schedule filed by the Debtors contemporaneously with this Objection, the Debtors are segregating their objections to the disputed claims into "Initial Objections" which the Debtors submit the Court can and should resolve as a matter of law based on the undisputed evidence already available, and "Additional Objections" which the Debtors acknowledge will need discovery to be resolved.  The Debtors therefore request that this Court rule on the Initial Objections at the hearing on January 24, 2005, and if any of the Disputed Claims remain pending thereafter, that they be liquidated consistent with the case management schedule filed by the Debtors.

Initial Objection

26.     The information provided to the Debtors by the State of North Dakota demonstrates that all of the State of North Dakota's claims are barred as a matter of law by North Dakota's statute of limitations.  North Dakota law requires that "any action to recover costs for

removal and replacement of asbestos or materials containing asbestos from a public building; to recover costs for other measures taken to locate, correct, or ameliorate any problem related to asbestos in a public building; or for reimbursement for removal and replacement, correction, or amelioration of an asbestos problem in a public building, must be commenced prior to August 1, 1997." N.D. Cent. Code § 28-01-47(2). Because these claims were filed in April of 2002, none was commenced prior to August 1, 1997, and they are barred by North Dakota's statute of limitations.

27.    The State of North Dakota's claims against Fibreboard should also be dismissed because it failed to provide any information whatsoever regarding these claims in response to the March 31 Order. *See* Mack Dec., Ex. 1.

28.    The Debtors respectfully submit that the foregoing objections can and should be resolved as a matter of law without further discovery.

<u>Additional Objections</u>

29.    The Debtors also believe that the Disputed Claims against Owens Corning and Fibreboard are deficient under state law for additional reasons including, that (i) there is no evidence to support the presence of the Debtors' product at the building identified, and (ii) there is no evidence of any harm arising from the Debtors' product. However, the Debtors believe that discovery is needed to establish the appropriate factual record to support their defenses to these claims. In light of the minimal information provided in support of the Disputed Claims, the Debtors request that if the Court does not order the Disputed Claims disallowed pursuant to the Initial Objections, that the State of North Dakota be required to comply with the case management schedule proposed by the Debtors so that these claims can be liquidated based on an appropriate record.

A-19

## Responses to Objection

30.    Filing and Service of Responses.

(a)  To contest this Objection, the Claimant must file and serve a written response to the Objection (a "Response") so that it is <u>received</u> no later than 4:00 p.m. (Eastern Time) on January 7, 2005.  All Responses must address the Initial Objections set forth above. Responses to the Additional Objections set forth above must be <u>received</u> no later than 4:00 p.m. (Eastern Time) on April 29, 2005.  Also, in addition to timely filing a written Response, the Claimant must attend or make other arrangements to participate in any hearing on the Objection, which hearing is scheduled to be held on January 24, 2005 at 10:00 a.m. before the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801 (the "Hearing").

(b)   Any Response shall be filed and served upon the following entities at the following addresses: (a) Office of the Clerk of the United States Bankruptcy Court, Marine Midland Plaza, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801; and (b) Saul Ewing LLP, Attn: Norman L. Pernick, Esq., 222 Delaware Avenue, Suite 1200, Wilmington, Delaware 19899 and (c) Debevoise & Plimpton LLP, Attn: Mary Beth Hogan, Esq., 919 Third Avenue, New York, New York 10022.

31.    <u>Content of Response</u>.  Any Response to the Objection must contain at a minimum the following:

(a)   a caption setting forth the name of the court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed;

(b)   a description of the basis for the amount of the Disputed Claims;

A-20

(c)  a concise statement setting forth the reasons why the Disputed Claims should not be

disallowed for reasons set forth in the Objection including, but not limited to, the specific

factual and legal bases upon which the Claimants rely in opposing the Objection;

(d)  all documentation or other evidence supporting the Disputed Claims, not included

with the proof of claim previously filed with the Bankruptcy Court or produced in

response to the March 31 Order, upon which the Claimant relies in opposing the

Objection;

(e)  the name, address, telephone number and fax number of the person(s) (which may be

the claimant or a legal representative thereof) to whom counsel for the Debtors should

serve a reply to the Response and who possesses authority to reconcile, settle or

otherwise resolve the objection to the Disputed Claims on behalf of the Claimant.

32.  <u>Timely Response Required</u>.  If Claimant fails to file and serve a timely Response,

then <u>without further notice to the Claimants or a Hearing</u>, the Debtors will present to the Court

an Order disallowing the Disputed Claims in their entirety and authorizing and directing the

Claims Agent to expunge the Disputed Claims.

33.  <u>Service Address</u>.  If a Response contains an address for the claimant different

from that stated on the Disputed Claims, the address in the Response shall constitute the service

address for future service of papers upon the Claimant unless or until counsel for the Debtors

receives written notice from the Claimant or the Claimants' counsel of a changed service

address.

34.  <u>Adjournment of Hearing</u>.  The Debtors reserve the right to adjourn the Hearing on

this Objection.  In the event that the Debtors so adjourn the Hearing, they will state that the

Hearing on the Objection and/or response has been adjourned on the agenda for the Hearing on

A-21

this Objection which agenda will be served on the person designated by the Claimant in its Response pursuant to paragraphs 31(e) and 33, above.

### Further Information.

35.    Questions about or requests for additional information about the proposed disposition of the Disputed Claims should be directed to the Debtors' counsel in writing at the New York address listed below (Attn: Sean Mack, Esq.) or by telephone (212-909-7491) or e-mail (Smack@debevoise.com).

36.    Claimant should not contact the Clerk of the Court to discuss the merits of its Proof of Claim or this Objection.

### Notice

37.    In accordance with Rule 2002-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware and the Order Clarifying Case Notice Procedures Pursuant to 11 U.S.C. §§ 102 and 105; Fed.R.Bankr.P. 2002(m) and 9007; and Local Rule 2002-1(b), signed May 16, 2001, (NIBS Docket No. 1838), notice of this Objection to Claims has been given to (a) the Office of the United States Trustee; (b) counsel for the Creditors' Committee; (c) counsel for the Asbestos Committee; (d) the Office of the United States Attorney for the District of Delaware; (e) Bank of America, N.A., as the Debtors' Post-Petition Lender; (f) Credit Suisse First Boston, as agent with respect to that $2.0 billion Credit Agreement dated June 26, 1997; (g) special counsel to the Creditors' Committee; (h) the Legal Representative of Future Claimants; (i) counsel for the Legal Representative of Future Claimants; (j) those parties who have requested service of all motions and pleadings pursuant to Bankruptcy Rule 2002; and (k) the representative for the holder of the asbestos property damage claims subject of this Objection. In light of the relief requested herein, the Debtors submit that no further notice is necessary.

WHEREFORE the Debtors respectfully request that the Court enter an order (i) disallowing the Disputed Claims in their entirety based on the Initial Objections and authorizing the Claims Agent to expunge each such claim from the claims register or (ii) if the Disputed Claims are not disallowed based on the Initial Objections requiring that they comply with the case management schedule for asbestos property damage claims; and granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       December 3, 2004

         Respectfully submitted,

         SAUL EWING LLP

    By: _____
         Norman L. Pernick (No. 2290)
         J. Kate Stickles (No. 2917)
         222 Delaware Avenue
         P.O. Box 1266
         Wilmington, DE 19899-1266
         (302) 421-6800

         Counsel for Debtors and
          Debtors-in-Possession

         – and –

         DEBEVOISE & PLIMPTON LLP
         Mary Beth Hogan
         Sean Mack
         919 Third Avenue
         New York, NY 10022
         (212) 909-6000

         Special Counsel for Debtors and
          Debtors-in-Possession

A-23

EXHIBITS TO DEBTORS' OBJECTION TO ASBESTOS PROPERTY DAMAGE
CLAIMS OF THE STATE OF NORTH DAKOTA
(CLAIM # 8774 AND # 8922)

Declaration of Sean Mack                           Exhibit A

Declaration of Vicki Wilson                        Exhibit B

A-24

512172.1

EXHIBIT A
[Mack Affidavit]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| OWENS CORNING, *et al.*, | : | Case Nos. 00-3837 (JKF) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |

Hearing Date: January 24, 2005 at 10:00 a.m.
Response Deadline: January 7, 2005 at 4:00 p.m.
Before the Honorable Judith K. Fitzgerald
U.S. Bankruptcy Court, 824 North Market St.,
Wilmington, DE 19801

DECLARATION OF SEAN MACK IN SUPPORT OF DEBTORS' OBJECTION
TO ASBESTOS PROPERTY DAMAGE CLAIMS
OF THE STATE OF NORTH DAKOTA (CLAIM # 8774 AND # 8922)

I, Sean Mack, hereby declare under penalty of perjury:

1.      I am over the age of eighteen years and am competent to testify at any hearing regarding the matters discussed herein.

2.      I am an associate with the firm of Debevoise & Plimpton LLP, special counsel to the debtors and debtors-in-possession. I have first-hand knowledge of the matters set forth herein and, if called to testify as a witness, I could and would testify of my own personal knowledge to the facts set forth herein.

3.      On March 31, 2003 the Court entered an order (the "March 31 Order") requiring asbestos property damage claimants to provide evidence of identification of Owens Corning's and/or Fibreboard's asbestos containing products in claimants buildings ("Product Identification Evidence") and evidence to enable the Debtors to

A-26

assess whether the claim was barred by the applicable statute of limitations ("SOL Evidence").

5.     Attached hereto as Exhibit 1 is all of the information provided by claimant with their proof of claim form and in response to the March 31 Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: December 3, 2004.
       New York, New York

_____

Sean Mack, Esq.

A-27

2

21844480v1

<u>Exhibit 1</u>

**OWENS-CORNING CHART - RESPONSE TO COURT ORDER (08/01/03)**

| ST | CLAIMANT | Claim # | Building(s) w/address | Inst. Date | #Linear Ft. TSI or Value | Product ID | 1st Abatement | 1st PD Claim |
|---|---|---|---|---|---|---|---|---|
| FL | Jacksonville City Hall Annex Building | 8357/8608 | 220 East Bay Street Jacksonville, FL 32202 | 1960 | N/A (not available) | N/A | N/A | 1993 |
| GA | St. Joseph Hospital | ??? | St. Joseph Hospital 2260 Wrightsboro Road Augusta, GA 30904 | 1950 | N/A (not available) | N/A | 1987 | 1986 |
| MD | Langley Professional Office Building | 8596/8328 | 7676 New Hampshire Avenue Takoma Park, MD 20783 | 1970 | N/A | N/A | N/A | 1993 |
| NE | Hall County School District # 83 a/k/a Wood River Rural Jr./Sr. High School | 8771/9573 | Wood River Rural High School 13800 W. Woodriver Wood River, NE | 1967-1968 | 225,000 SF | N/A | 1984 | Oct. 1987 |
| ND | Garrison Public School # 51 | 8783/8926 | Garrison High School 51 5th Avenue, NE Garrison, ND | N/A | N/A | N/A | N/A | N/A |
| ND | Kindred Public School District #2 | 8777/8886 | 55 1st Avenue South Kindred, ND 58051 | N/A | 234 LF | N/A | N/A | N/A |
| ND | North Dakota State Buildings | 8774/8922 | See Attachment "A" for list of bldgs (waiting on other info from some facilities) | | | | | 1994 |
| NJ | Clara Maass Hospital ( n/k/a Clara-Maas Medical Center) | 8500/8648 | One Clara Maass Drive Belleville, NJ 17109 | 1955 1964 | 8,069 LF 3,720 SF | N/A | 1995 | 1993 |
| NJ | Fair Lawn Professional Center | 8441/8628 | 26-01 Broadway Fairlawn, NJ 07410 | 1962 | N/A | N/A | N/A | 1993 |
| NJ | Presbyterian Church of Janesburg | 8271/8573 | 11 West Street Janesburg, NJ 08831 | 1958 | 250 LF | N/A | 1994 | 1993 |
| NY | 880 Third Avenue Building a/l/a 165 East 53rd Street) | 8362/8609 | 880 Third Avenue New York, NY 10022 | 1963 | N/A | N/A | N/A | 1993 |

A-29

## ATTACHMENT "A" - LIST OF NORTH DAKOTA STATE BUILDINGS (Claim # 8774/8922)

| Building(s) w/address | Inst. Date | #Linear Ft. TSI or Value | Product ID | 1st Abatement | 1st PD Claim |
|---|---|---|---|---|---|
| Bismarck State College - Armory 1601 Edwards Avenue Bismarck, ND 58503 | 1962 | 85 pipe joints & boiler jackets | N/A | 1997 | |
| Bismarck State College - Schafer Hall 1500 Edwards Avenue Bismarck, ND 58503 | 1961 | 350 pipe joints, steam converters & boiler jackets | N/A | 1996 | |
| Bismarck State College - Werner Hall 1600 Edwards Avenue Bismarck, ND 58503 | 1965 | 700 pipe joints & steam valves | OCF in specifications | None | |
| Bismarck State College - Library 1510 Edwards Avenue Bismarck, ND 58503 | 1968 | 350 pipe joints steam converters | N/A | None | |
| Department of Transportation Bldg. State Capitol Grounds 608 East Boulevard Avenue Bismarck, ND 58505-0700 | 1967 | N/A | N/A | N/A | |
| Heritage Center 612 East Boulevard Bismarck, ND | N/A | N/A | N/A | N/A | |
| Liberty Memorial Building 604 East Boulevard Bismarck, ND | N/A | N/A | N/A | N/A | |
| Maintenance Building 600 East Boulevard Bismarck, ND | N/A | N/A | N/A | N/A | |
| Minot State University - Swain Hall 500 University Avenue West Minot, ND 58707 | 1952 | 52,000 sq.ft. (bldg.) | N/A | N/A | |

| CONTINUATION OF ATTACHMENT "A" - LIST OF NORTH DAKOTA STATE BUILDINGS (Claim # 8774/8922) | | | | | |
|---|---|---|---|---|---|
| Building(s) w/address | Inst. Date | #Linear Ft. TSI or Value | Product ID | 1st Abatement | 1st PD Claim |
| Minot State University - Dakota Hall 500 University Avenue West Minot, ND 58707 | 1931 | 30,000 sq.ft. (bldg.) | N/A | N/A | |
| North Dakota State Hospital (21 bldgs) 2605 Circle Drive Jamestown, ND 58401 | 1916 - 1968 | 81,000 l.f. | N/A | 1990 | |
| North Dakota State University (NDSU) - Ag Engr | N/A | N/A | N/A | N/A | |
| NDSU - Agron Greenhouse | N/A | N/A | N/A | N/A | |
| NDSU - Alba Bales | N/A | N/A | N/A | N/A | |
| NDSU - Alumni | N/A | N/A | N/A | N/A | |
| NDSU - Animal Hold Facility | N/A | N/A | N/A | N/A | |
| NDSU - Art Building (Naval Reserve) | N/A | N/A | N/A | N/A | |
| NDSU - Askanese Hall | N/A | N/A | N/A | N/A | |
| NDSU - Bison Court | N/A | N/A | N/A | N/A | |
| NDSU - BSA | N/A | N/A | N/A | N/A | |
| NDSU - Burgum Hall | N/A | N/A | N/A | N/A | |
| NDSU - Purgum/Putnam | N/A | N/A | N/A | N/A | |
| NDSU - Ceres Hall | N/A | N/A | N/A | N/A | |
| NDSU - Churchill Hall | N/A | N/A | N/A | N/A | |
| NDSU - CI Nelson Hall | N/A | N/A | N/A | N/A | |
| NDSU - Civ/ME | N/A | N/A | N/A | N/A | |
| NDSU - Co-op House | N/A | N/A | N/A | N/A | |

# CONTINUATION OF ATTACHMENT "A" - LIST OF NORTH DAKOTA STATE BUILDINGS (Claim # 8774/8922)

| Building(s) w/address | Inst. Date | #Linear Ft. TSI or Value | Product ID | 1st Abatement | 1st PD Claim |
|---|---|---|---|---|---|
| NDSU - Dinan Hall | N/A | N/A | N/A | N/A | |
| NDSU - Dolve | N/A | N/A | N/A | N/A | |
| NDSU - Dunbar | N/A | N/A | N/A | N/A | |
| NDSU - E&T (Horticulture) | N/A | N/A | N/A | N/A | |
| NDSU - EE | N/A | N/A | N/A | N/A | |
| NDSU - EML (Home Economics) | N/A | N/A | N/A | N/A | |
| NDSU - Eng. Admin | N/A | N/A | N/A | N/A | |
| NDSU - Graver Inn/NDSU Dorm Space | N/A | N/A | N/A | N/A | |
| NDSU - Harris | N/A | N/A | N/A | N/A | |
| NDSU - Hastings (State Seed) | N/A | N/A | N/A | N/A | |
| NDSU - Heating Plant | N/A | N/A | N/A | N/A | |
| NDSU - IACC | N/A | N/A | N/A | N/A | |
| NDSU - Ladd & Dunbar | N/A | N/A | N/A | N/A | |
| NDSU - Ladd Hall | N/A | N/A | N/A | N/A | |
| NDSU - Library | N/A | N/A | N/A | N/A | |
| NDSU - Lord/Burnham | N/A | N/A | N/A | N/A | |
| NDSU - Manhole 68 | N/A | N/A | N/A | N/A | |
| NDSU - Memorial Union | 1952 1958 | N/A | N/A | N/A | |
| NDSU - Minard | N/A | N/A | N/A | N/A | |
| NDSU - Morrill Hall | N/A | N/A | N/A | N/A | |
| NDSU - Music Bldg. | N/A | N/A | N/A | N/A | |

CONTINUATION OF ATTACHMENT "A" - LIST OF NORTH DAKOTA STATE BUILDINGS (Claim # 8774/8922)

| Building(s) w/address | Inst. Date | #Linear Ft. TSI or Value | Product ID | 1st Abatement | 1st PD Claim |
|---|---|---|---|---|---|
| NDSU - N. Weible | N/A | N/A | N/A | N/A | |
| NDSU - North Stands | N/A | N/A | N/A | N/A | |
| NDSU - Old Field House | N/A | N/A | N/A | N/A | |
| NDSU - Old Main | N/A | N/A | N/A | N/A | |
| NDSU - PlantPath-Greenhouse | N/A | N/A | N/A | N/A | |
| NDSU - Potato Storage | N/A | N/A | N/A | N/A | |
| NDSU - Powerhouse | N/A | N/A | N/A | N/A | |
| NDSU - President's House | N/A | N/A | N/A | N/A | |
| NDSU - Putnam | N/A | N/A | N/A | N/A | |
| NDSU - RD3 AG3 | N/A | N/A | N/A | N/A | |
| NDSU - Reed Hall | N/A | N/A | N/A | N/A | |
| NDSU - Res Life Fac Svcs | N/A | N/A | N/A | N/A | |
| NDSU - S. Engr | N/A | N/A | N/A | N/A | |
| NDSU - S. Johnson | N/A | N/A | N/A | N/A | |
| NDSU - S. Weible | N/A | N/A | N/A | N/A | |
| NDSU - Seim Hall | 1972 | N/A | N/A | N/A | |
| NDSU - Sevrinson Hall | 1966 | N/A | N/A | N/A | |
| NDSU - Shepperd Arena | N/A | N/A | N/A | N/A | |
| NDSU - Small Animal Res Ctr | N/A | N/A | N/A | N/A | |
| NDSU - Stevens Hall | N/A | N/A | N/A | N/A | |
| NDSU - Stockbridge | N/A | N/A | N/A | N/A | |

CONTINUATION OF ATTACHMENT "A" - LIST OF NORTH DAKOTA STATE BUILDINGS (Claim # 8774/8922)

| Building(s) w/address | Inst. Date | #Linear Ft. TSI or Value | Product ID | 1st Abatement | 1st PD Claim |
|---|---|---|---|---|---|
| NDSU - Sudro | N/A | N/A | N/A | N/A | |
| NDSU - Thompson Hall | 1966 | N/A | N/A | N/A | |
| NDSU - Thordarson Hall/Independent Study | N/A | N/A | N/A | N/A | |
| NDSU - Thorson | N/A | N/A | N/A | N/A | |
| NDSU - Univ Village | N/A | N/A | N/A | N/A | |
| NDSU - Waldron | N/A | N/A | N/A | N/A | |
| NDSU - Walster | N/A | N/A | N/A | N/A | |
| NDSU - WDC | N/A | N/A | N/A | N/A | |
| NDSU - Widakas | N/A | N/A | N/A | N/A | |
| State Capitol Building 600 East Boulevard Bismarck, ND | N/A | N/A | N/A | N/A | |
| State Office Building 900 East Boulevard Bismarck, ND | N/A | N/A | N/A | N/A | |
| University of North Dakota - see attached "UND Facilities Planning - Drafting Inventory - 2003" for list of buildings, etc. | | | | | |

UND Facilities Planning - Drafting Inventory - 2003

| # Bldg. | Name Building | Construction Original | Remodeling Addition / | Asbestos Thermal System Insulation (TSI) | Owens Corning Insulation (TSI) Specified | Abatement progress |
|---|---|---|---|---|---|---|
| 6 | Chandler Hall | 1899 | | yes | yes | ongoing |
| 14 | J Lloyd Stone Alumni Center | 1903 | | yes | unknown | ongoing |
| 9 | ND Museum of Art | 1907 | | yes | unknown | ongoing |
| 5 | Babcock Hall | 1908 | | yes | unknown | ongoing |
| 63 | Corwin/Larimore Hall | 1908 | | yes | | ongoing |
| 71 | Gustafson Hall | 1908 | | yes | | ongoing |
| 15 | Home Economics (Carnegie Lib) | 1908 | | yes | | ongoing |
| 57 | Robinson/Sayre Hall | 1908 | | yes | | ongoing |
| 19 | Steam Plant | 1908 | | yes | | ongoing |
| 42 | Montgomery Hall | 1909 | | yes | | ongoing |
| | | 1911 | | yes | | ongoing |
| 8 | Armory | 1918 | | yes | unknown | ongoing |
| 4 | Gillette Hall | 1918 | | yes | | ongoing |
| 13 | Law Building | 1922 | | yes | yes | ongoing |
| 23 | Memorial Stadium | 1927 | | yes | unknown | ongoing |
| 231 | Princeton 419 - Alumni House | 1927 | | yes | unknown | ongoing |
| 16 | Merrifield Hall | 1929 | | yes | | ongoing |
| 128 | Cambridge 314 | 1940 | | yes | yes | ongoing |
| 126 | Cambridge 317 Nat. Amer. Ctr. | 1940 | | yes | | ongoing |
| 127 | Fifth Avenue N. 2920 | 1940 | | yes | | ongoing |
| 124 | Princeton 423-425 | 1940 | | yes | | ongoing |
| 264 | Aviation Ctr Hangar #6 | 1941 | | yes | | ongoing |
| 40 | Ray Richards Clubhouse | 1941 | | yes | | ongoing |
| 67 | Robot Bldg./Pilot Plant | 1944 | | yes | | ongoing |
| 2 | O'Kelly Hall | 1947 | | yes | yes | ongoing |
| A70 | EERC Administration Bldg. | 1950 | | yes | | ongoing |
| J78 | EERC HPT Demonstration Bldg. | 1950 | | yes | | ongoing |
| J72 | EERC Tech Demo Facility 1 | 1950 | | yes | | ongoing |
| 66 | School of Medicine & Health SC | 1950 | | yes | | ongoing |
| | Sixth Ave. N. 2820 | 1950 | | yes | | ongoing |
| 24 | Hyslop Sports Center | 1951 | | yes | unknown | ongoing |
| 34 | Memorial Union | 1951 | | yes | unknown | ongoing |
| 25 | Hancock Hall | 1952 | | yes | | ongoing |
| 20 | Harrington Hall | 1952 | | yes | unknown | ongoing |
| 26 | Johnstone Hall | 1952 | | yes | | ongoing |
| 222 | Princeton 315 | 1953 | | yes | | ongoing |
| 225 | Princeton 326 | 1953 | | yes | | ongoing |
| 232 | Princeton 421 | 1953 | | yes | | ongoing |
| 22 | Education Building | 1954 | | yes | unknown | ongoing |
| 89 | Building Mechanical Shop | 1955 | | yes | | ongoing |
| 27 | Fulton Hall | 1955 | | yes | | ongoing |
| 195 | Marlboro Ave. 2-12 - WG 1 | 1955 | | yes | unknown | ongoing |
| 31 | President's Residence | 1955 | | no | | ongoing |
| 102 | Stanford Road 2 - WG 1 | 1955 | | yes | | ongoing |
| 200 | State Street 1-11 - WG 1 | 1955 | | yes | | ongoing |
| 201 | State Street 13-15 - WG 1 | 1955 | | yes | | ongoing |
| 191 | Swanson Ave. 1-9 - WG 1 | 1956 | | yes | | ongoing |
| 107 | Swanson Ave. 2-8 - WG 1 | 1956 | | yes | | ongoing |
| 193 | University Ave. 3501-3511 WG 1 | 1956 | | yes | | ongoing |
| 194 | University Ave. 3513-3515 WG 1 | 1956 | | yes | | ongoing |
| 198 | University Ave. 3517-3523 WG 1 | 1956 | | yes | | ongoing |

## UND Facilities Planning - Drafting Inventory - 2003

| # Bldg | Name / Building | Construction Original | Remodeling Addition / | Thermal System Insulation (TSI) | Asbestos | Owens Corning Insulation Specified | Abatement |
|---|---|---|---|---|---|---|---|
| 109 | University Ave. 3526-3531 WG 1 | 1966 | | | yes | unknown | progress |
| 30 | Belk Hall | 1957 | | | yes | unknown | ongoing |
| 32 | McCannel Hall | 1957 | | | yes | unknown | ongoing |
| 202 | Stanford Road 301-311 WG 2 | 1959 | | | yes | | ongoing |
| 203 | Stanford Road 313-323 WG 2 | 1959 | | | yes | | ongoing |
| 204 | Stanford Road 401-411 WG 2 | 1959 | | | yes | | ongoing |
| 205 | State Street 302-312 - WG 2 | 1959 | | | yes | | ongoing |
| 206 | State Street 314-324 - WG 2 | 1959 | | | yes | | ongoing |
| 207 | State Street 402-412 - WG 2 | 1959 | | | yes | | ongoing |
| 20 | Welsh Hall | 1959 | | | yes | unknown | ongoing |
| 1 | Twamley Hall | 1959 | | | yes | no | ongoing |
| 35 | Abbott Hall | 1960 | | | yes | | ongoing |
| 7 | Chester Fritz Library | 1961 | | | yes | | ongoing |
| 181 | EERC Storage Bldg. 1 | 1961 | | | yes | yes | ongoing |
| 141 | Berkeley Drive 3702 - WG 3 | 1962 | | | yes | | ongoing |
| 142 | Berkeley Drive 3707 - WG 3 | 1963 | | | yes | | ongoing |
| 143 | Berkeley Drive 3712 - WG 3 | 1963 | | | yes | | ongoing |
| 144 | Berkeley Drive 3717 - WG 3 | 1963 | | | yes | | ongoing |
| 145 | Berkeley Drive 3722 - WG 3 | 1963 | | | yes | | ongoing |
| 146 | Berkeley Drive 3805 - WG 3 | 1963 | | | yes | | ongoing |
| 147 | Berkeley Drive 3810 - WG 3 | 1963 | | | yes | | ongoing |
| 148 | Berkeley Drive 3815 - WG 3 | 1963 | | | yes | | ongoing |
| 149 | Berkeley Drive 3820 - WG 3 | 1963 | | | yes | | ongoing |
| 74 | Burtness Theatre | 1963 | | | yes | | ongoing |
| 76 | Squires Hall | 1963 | | | yes | | ongoing |
| 79 | Conference Center-2724 Univ. Ave | 1964 | | | yes | | ongoing |
| 80 | Leonard Hall | 1964 | | | yes | | ongoing |
| 81 | West Hall | 1964 | | | yes | | ongoing |
| 83 | Fifth Avenue N. 3105 | 1965 | | | yes | | ongoing |
| 82 | McVey Hall | 1965 | | | yes | | ongoing |
| 75 | Smith Hall | 1965 | | | yes | | ongoing |
| 293 | Northwestern Drive 1011-1012 | 1966 | | | yes | | ongoing |
| 294 | Northwestern Drive 1013-1016 | 1966 | | | yes | | ongoing |
| 295 | Northwestern Drive 1017-1018 | 1966 | | | yes | | ongoing |
| 296 | Northwestern Drive 111-112 | 1966 | | | yes | | ongoing |
| 266 | Northwestern Drive 11-112 | 1966 | | | yes | | ongoing |
| 297 | Northwestern Drive 113-114 | 1966 | | | yes | | ongoing |
| 298 | Northwestern Drive 117-118 | 1966 | | | yes | | ongoing |
| 267 | Northwestern Drive 153-118 | 1966 | | | yes | | ongoing |
| 268 | Northwestern Drive 177-118 | 1966 | | | yes | | ongoing |
| 269 | Northwestern Drive 211-212 | 1966 | | | yes | | ongoing |
| 270 | Northwestern Drive 213-216 | 1966 | | | yes | | ongoing |
| 271 | Northwestern Drive 217-218 | 1966 | | | yes | | ongoing |
| 272 | Northwestern Drive 311-314 | 1966 | | | yes | | ongoing |
| 273 | Northwestern Drive 315-316 | 1966 | | | yes | | ongoing |
| 274 | Northwestern Drive 317-320 | 1966 | | | yes | | ongoing |
| 275 | Northwestern Drive 411-412 | 1966 | | | yes | | ongoing |
| 276 | Northwestern Drive 413-416 | 1966 | | | yes | | ongoing |
| 277 | Northwestern Drive 417-418 | 1966 | | | yes | | ongoing |
| 278 | Northwestern Drive 511-514 | 1966 | | | yes | | ongoing |

UND Facilities Planning - Drafting Inventory - 2003

| # Bldg. | Name Building | Construction Original | Addition / Remodeling | Asbestos Thermal System Installation (TSI) | Owens Corning Insulation Specified | Abatement |
|---|---|---|---|---|---|---|
| 279 | Northwestern Drive 515-516 | 1966 | | yes | | progress |
| 280 | Northwestern Drive 517-520 | 1966 | | yes | Specified | ongoing |
| 281 | Northwestern Drive 611-614 | 1966 | | yes | | ongoing |
| 282 | Northwestern Drive 615-616 | 1966 | | yes | | ongoing |
| 283 | Northwestern Drive 617-620 | 1966 | | yes | | ongoing |
| 284 | Northwestern Drive 711-714 | 1966 | | yes | | ongoing |
| 285 | Northwestern Drive 715-716 | 1966 | | yes | | ongoing |
| 286 | Northwestern Drive 717-720 | 1966 | | yes | | ongoing |
| 287 | Northwestern Drive 811-814 | 1966 | | yes | | ongoing |
| 288 | Northwestern Drive 815-816 | 1966 | | yes | | ongoing |
| 289 | Northwestern Drive 817-820 | 1966 | | yes | | ongoing |
| 260 | Northwestern Drive 911-914 | 1966 | | yes | | ongoing |
| 261 | Northwestern Drive 915-916 | 1966 | | yes | | ongoing |
| 262 | Northwestern Drive 917-920 | 1966 | | yes | | ongoing |
| 87 | Utility Building - WG 4 | 1966 | | yes | | ongoing |
| 67 | Gov Maintenance House | 1967 | | yes | | ongoing |
| 160 | Gov Maintenance Shop | 1967 | | yes | | ongoing |
| 84 | Salsa Hall | 1967 | | yes | | ongoing |
| 11 | Gamble Hall | 1967 | | yes | | ongoing |
| 58 | UND Transmitter Bldg. & Tower | 1968 | | yes | yes | ongoing |
| 85 | North Hall | 1968 | | yes | | ongoing |
| 38 | Milton Hall | 1968 | | yes | | ongoing |
| 66 | Hamline Hall | 1969 | | yes | | ongoing |
| 06 | Wilkinson Hall | 1969 | | yes | | ongoing |
| 162 | Gallery Apt. H - WG 14 | 1969 | | yes | | ongoing |
| 153 | Gallery Apt. I - WG 14 | 1970 | | yes | | ongoing |
| 164 | Gallery Apt. J - WG 14 | 1970 | | yes | | ongoing |
| 165 | Gallery Apt. K - WG 14 | 1970 | | yes | | ongoing |
| 156 | Gallery Apt. Pool Bldg. | 1970 | | yes | | ongoing |
| 180 | Gallery N.E. Garage | 1970 | | yes | | ongoing |
| 159 | Gallery N.W. Garage | 1970 | | yes | | ongoing |
| 157 | Gallery S.E. Garage | 1970 | | yes | | ongoing |
| 158 | Gallery S.W. Garage | 1970 | | yes | | ongoing |
| 213 | Tulane Court 301-310 - WG 5 | 1971 | | yes | | ongoing |
| 212 | Tulane Court 302 304 306 308 | 1971 | | yes | | ongoing |
| 214 | Tulane Court 401-445 - WG 5 | 1971 | | yes | | ongoing |
| 216 | Tulane Court 417-427 - WG 5 | 1971 | | yes | | ongoing |
| 33 | Tulane Drive 500 - WG 6 | 1971 | | yes | | ongoing |
| 98 | University Ave. 3735 - WG B | 1971 | | yes | | ongoing |
| 244 | Upson I | 1971 | | yes | | ongoing |
| 10 | Aviation Weather Tower | 1972 | | yes | | ongoing |
| 3D | Chester Fritz Auditorium | 1972 | | yes | unknown | ongoing |
| 208 | Old Engineered Arena | 1972 | | yes | | ongoing |
| 209 | Tulane Drive 510 - WG 7 | 1972 | | yes | | ongoing |
| 210 | Tulane Drive 520 - WG 7 | 1972 | | yes | | ongoing |
| 223 | Tulane Drive 530 - WG 7 | 1972 | | yes | | ongoing |
| 163 | 1226 Standford Garage | 1973 | | yes | | ongoing |
| 161 | Carleton Ct. 540 - WG 9 | 1973 | | yes | | ongoing |
| 162 | Carleton Ct. 560 - WG 9 | 1973 | | yes | | ongoing |
| 106 | Carleton Ct. 570 - WG 9 | 1973 | | yes | | ongoing |
| | Steam Plant Gas Meter Bldg. | 1973 | | yes | | ongoing |

| | PROOF OF CLAIM |
|---|---|
| *DO NOT USE THIS FORM TO ASSERT AN ASBESTOS-RELATED PERSONAL INJURY CLAIM OR AN ASBESTOS-RELATED WRONGFUL DEATH CLAIM, EVEN IF SUCH CLAIM HAS BEEN RESOLVED OR IS SUBJECT TO RESOLUTION PURSUANT TO A SETTLEMENT AGREEMENT OR IS BASED ON A JUDGMENT.* | THIS SPACE IS FOR COURT USE ONLY |

UNITED STATES BANKRUPTCY COURT, DISTRICT OF DELAWARE

| Specify Debtor against which the claim is asserted | Case Number |
|---|---|
| Fibreboard Corporation | 00-3642 (JKF) |

Name of Creditor (The person or other entity to whom the debtor owes money or property)
**NORTH DAKOTA STATE BUILDINGS**

Name and address where notices should be sent

AMANDA G. STEINMEYER, ESQ.
SPEIGHTS & RUNYAN
POST OFFICE BOX 685

HAMPTON, SOUTH CAROLINA 29924

USA

Telephone Number    (803) 943-4444

- [ ] Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
- [ ] Check here if you have never received any notices from the bankruptcy court in this case.
- [ ] Check box if the address differs from the address on the envelope sent to you by the court.

FILED

APR 15 2002

By Robert L. Berger & Assoc., Claims Agent
For U.S. Bankruptcy Court
District Of Delaware

Carefully read the instructions included with this Proof of Claim before completing. In order to have your claim considered for payment and/or voting purposes, complete ALL applicable questions. The original of this Proof of Claim must be sent to Re: re OWENS CORNING et al., c/o Robert L. Berger and Associates, 16161 Ventura Blvd., PMB 517, Encino, CA 91436. This Proof of Claim must be received by the Claims Agent by 4 p.m., April 15, 2002, prevailing Pacific time. No electronic submissions or facsimiles will be accepted.

Account or other number by which creditor identifies debtor:

Check here ☐ if this claim ☐ Replaces ☐ Amends    A previously filed claim, dated: _____ number: _____

**1. Basis for Claim (see Instructions):**
- [x] Asbestos Property Damage
- [ ] Derivative Asbestos Claim
- [ ] Environmental
- [ ] Premptory Contract, including Personal Property Lease
- [ ] Freight

- [ ] Goods Sold
- [ ] Indemnification or Contribution
- [ ] Litigation - Non-Asbestos
- [ ] Personal Injury - Non-Asbestos
- [ ] Money Loaned
- [ ] Professional Fees

- [ ] Real Property Lease
- [ ] Retiree Benefits as Defined at 11 U.S.C. § 1114(a)
- [ ] Services Performed
- [ ] Trade Claim
- [ ] Taxes
- [ ] Warranty

- [ ] Wages, salaries, and compensation (fill out below) Your SSN: _____
  Unpaid compensation for services performed from _____ to _____ (date) (date)
- [ ] Other

**2.** Date debt was incurred: **Prior to October 5, 2000**

**3.** If court judgment, date obtained: _____

**4.** Total Amount of Claim: $ _____

☐ If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
- [ ] Check this box if your claim is secured by collateral (including a right of setoff).

  Brief description of collateral:
  - [ ] Real Estate    [ ] Motor Vehicle
  - [ ] Other _____

  Value of collateral:  $ _____

  Amount of arrearage and other charges included in Secured claim, if any:  $ _____

**6. Unsecured Priority Claim.**
- [ ] Check this box if you have an unsecured priority claim.
  Amount entitled to priority: $ _____
  Specify the priority of the claim:
  - [ ] Wages, salaries, or commissions (up to $4,300), earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
  - [ ] Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
  - [ ] Up to $1,950 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
  - [ ] Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
  - [ ] Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
  - [ ] Other - Specify applicable paragraph of 11 U.S.C. § 507(a).

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Failure to provide appropriate documentation may result in your claim being subject to objection.*

**9. Acknowledgment of Claim:** You will receive written notification of receipt of your Proof of Claim and the number assigned to it.

| | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| Date    APRIL 12, 2002 | |
| Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach power of attorney, if any): Amanda G. Steinmeyer, Attorney for Creditor | 8922 |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*    00-2-700000000392-42-1

A-38

SUPPORTING DOCUMENTATION:

IN MOST INSTANCES, THE CREDITORS WHO WE HAVE REPRESENTED IN
THE PAST IN OTHER ASBESTOS PROPERTY DAMAGES ACTIONS HAVE THE
SUPPORTING DOCUMENTATION CONSISTING OF ASBESTOS SURVEYS,
INVOICES, BROCHURES, OR OTHER PROPER SUPPORTING
DOCUMENTATION EVIDENCING THE CLAIM.

THE SUPPORTING DOCUMENTATION IS NOT AVAILABLE AT THIS TIME
BUT IS BEING LOCATED BY AND OBTAINED FROM THE CREDITOR.
ADDITIONALLY, DISCOVERY NEEDS TO BE TAKEN FROM THE DEBTOR
WHO IS IN POSSESSION OF SUPPORTING DOCUMENTATION FOR CLAIMS.

THE SUPPORTING DOCUMENTATION WILL BE SUPPLEMENTED AS SOON AS
POSSIBLE.

A-39

DO NOT USE THIS FORM TO ASSERT AN ASBESTOS-RELATED PERSONAL INJURY CLAIM OR AN ASBESTOS-RELATED WRONGFUL DEATH CLAIM, EVEN IF SUCH CLAIM HAS BEEN RESOLVED OR IS SUBJECT TO A RESOLUTION PURSUANT TO A SETTLEMENT AGREEMENT OR IS BASED ON A JUDGMENT.

PROOF OF CLAIM
THIS SPACE IS FOR COURT USE ONLY

UNITED STATES BANKRUPTCY COURT, DISTRICT OF DELAWARE

Specific Debtor against which this claim is asserted:
Owens Corning

Case Number:
00-3837 (JKF)

Name of Creditor (The person or other entity to whom the debtor owes money or property)
NORTH DAKOTA STATE BUILDINGS

Name and address where notices should be sent:

AMANDA G. STEINMEYER, ESQ.
SPEIGHTS & RUNYAN
POST OFFICE BOX 685

HAMPTON, SOUTH CAROLINA 29924
USA

Telephone Number: (803) 943-4444

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

FILED
APR 15 2002
By Robert L. Berger & Assoc., Claims Agent
For U.S. Bankruptcy Court
District Of Delaware

Carefully read the instructions included with this Proof of Claim before completing. In order to have your claim considered for payment and/or voting purposes, complete ALL applicable questions. The original of this Proof of Claim must be sent to: In re: OWENS CORNING, et al., c/o Robert L. Berger and Associates, 16161 Ventura Blvd., PMB 517, Encino, CA 91436. This Proof of Claim must be received by the Claims Agent by 4 p.m., April 15, 2002, prevailing Pacific time. No electronic submissions or facsimiles will be accepted.

Account or other number by which creditor identifies debtor: _____
Check here ☐ Replaces ☐ Amends — A previously filed claim, dated: _____ number: _____
If this claim

1. Basis for Claim (see Instructions):
☐ Goods Sold
☒ Asbestos Property Damage
☐ Derivative Asbestos Claim
☐ Environmental
☐ Insurance Contract, including Personal Property Loss
☐ Freight
☐ Indemnification or Contribution
☐ Litigation - Non Asbestos
☐ Personal Injury - Non-Asbestos
☐ Money Loaned
☐ Professional Fees

☐ Real Property Lease
☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☐ Services Performed
☐ Trade Claim
☐ Taxes
☐ Warranty

☐ Wages, salaries, and compensation (Fill out below)
Your SS#: _____
Unpaid compensation for services performed
from _____ to _____
(date)    (date)
☐ Other

3. Recent judgment, date obtained: _____

2. Date debt was incurred: Prior to October 5, 2000.

4. Total Amount of Claim: $ _____
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Secured Claim:
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief description of collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other _____
Value of collateral: $ _____
Amount of arrearage and other charges included in Secured claim, if any: $ _____

6. Unsecured Priority Claim:
☐ Check this box if you have an unsecured priority claim.
Amount entitled to priority: $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,300), earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $4,300 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other Specify applicable paragraph of 11 U.S.C. § 507(a).

THIS SPACE IS FOR COURT USE ONLY

7. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

8. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Failure to provide appropriate documentation may result in your claim being subject to objection.

9. Acknowledgment of Claim: You will receive written notification of receipt of your Proof of Claim and the number assigned to it.

8774

Date
APRIL 12, 2002

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any). Amanda G. Steinmeyer, Attorney for Creditor

OC-2-78000033UN-37-1

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

A-40

## SUPPORTING DOCUMENTATION:

IN MOST INSTANCES, THE CREDITORS WHO WE HAVE REPRESENTED IN
THE PAST IN OTHER ASBESTOS PROPERTY DAMAGES ACTIONS HAVE THE
SUPPORTING DOCUMENTATION CONSISTING OF ASBESTOS SURVEYS,
INVOICES, BROCHURES, OR OTHER PROPER SUPPORTING
DOCUMENTATION EVIDENCING THE CLAIM.

THE SUPPORTING DOCUMENTATION IS NOT AVAILABLE AT THIS TIME
BUT IS BEING LOCATED BY AND OBTAINED FROM THE CREDITOR.
ADDITIONALLY, DISCOVERY NEEDS TO BE TAKEN FROM THE DEBTOR
WHO IS IN POSSESSION OF SUPPORTING DOCUMENTATION FOR CLAIMS.

THE SUPPORTING DOCUMENTATION WILL BE SUPPLEMENTED AS SOON AS
POSSIBLE.

A-41

Exhibit B
[Wilson Affidavit]

OCT 16 2003 12:08 FR                          TO 12125217491      P.03/03

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                              :    Chapter 11
                                    :
OWENS CORNING, et al.               :    Case Nos. 00-3837 (JKF)
                                    :
        Debtors.                    :    (Jointly Administered)

                                         Hearing Date: October 27, 2003 at 10:00 a.m.
                                         Response Deadline: October 10, 2003 at 4:00 p.m.
                                         Before the Honorable Judith K. Fitzgerald
                                         U.S. Bankruptcy Court, 824 North Market St.,
                                         Wilmington, DE 19801

Affidavit of Vicki Wilson

STATE OF OHIO          )
                       :
COUNTY OF LIKING

        Vicki Wilson, being duly sworn, deposes and says:

        1.      I have been employed by Owens Corning for approximately ten (10)

years, and am currently a senior paralegal in Owens Corning's legal department. I am

familiar with Owens Corning's computerized Kaylo invoice database and have been

trained to search for invoices in the database.

        2.      The computerized Kaylo invoice database contains over 97,000

images of Kaylo sales invoices and is the most complete, available, record of Kaylo sales

invoices from April 1953 to April 1973.

        3.      Pursuant to the Case Management Order, I searched the Kaylo invoice

database for each of the buildings or locations specifically listed in the chart provided by

Speights & Runyan on behalf of its clients, which was attached to the Debtors 13th

                                    A-42

OCT 16 2003 12:09 FR                              TO 12125217491      P.03/03

Omnibus (Substantive) Objection to Certain Property Damage Claims as exhibit F. I also searched the database for records of any Kaylo sales invoices to either locations or distributors in the same city as those identified in exhibit F. In addition, for the claim of the State of North Dakota, I generated a list of all invoices shipped anywhere within North Dakota,

        4.        Based on the results of these searches, I prepared the attached chart, which I understand was provided to Speights & Runyan on September 25, 2003. As indicated in the attached chart, while the Kaylo invoice database contained numerous records relating shipments to the cities or distributors in the cities identified by Speights & Runyan in exhibit F, the database contained only one record relating directly to one of the locations identified by Speights & Runyan in exhibit F.

        FURTHER AFFIANT SAYETH NOT on this 16th day of October, 2003.

                                        _____
                                        Vicki Wilson

Subscribed and sworn to before me
by Vicki Wilson this 16th day of October 2003,

Lori A. Vest
Notary Public in and for
said County and State

My Commission Expires: June 20, 2008

                                        2
                                        A-43

21598293v1

                                        ** TOTAL PAGE.03 **

In Re Owens Corning, et al., N0. 00-3837
Asbestos Property Damage Claims Case Management Order
KAYLO INVOICE SEARCH RESULTS

| SITE - FACILITY/ BUILDING | INVOICES TO SITE | INVOICES TO CITY | DISTRIBUTOR INVOICES TO CITY |
|---|---|---|---|
| JACKSONVILLE CITY HALL ANNEX BUILDING 220 EAST BAY STREET JACKSONVILLE, FL 32202 | NO INVOICES | SEE RESULTS ATTACHED | SEE RESULTS ATTACHED |
| ST. JOSEPH HOSPITAL 2260 WRIGHTSBORO ROAD AUGUSTA, GA 30904 | NO INVOICES | SEE RESULTS ATTACHED | SEE RESULTS ATTACHED |
| LANGLEY PROFESSIONAL OFFICE BUILDING 7676 NEW HAMPSHIRE AVENUE TAKOMA PARK, MD 20783 | NO INVOICES | SEE RESULTS ATTACHED | NO INVOICES |
| HALL COUNTY SCHOOL DISTRICT #83 aka WOOD RIVER RURAL JR./SR. HIGH SCHOOL 13800 W. WOODRIVER WOOD RIVER, NE | NO INVOICES | NO INVOICES | NO INVOICES |
| GARRISON PUBLIC SCHOOL DISTRICT #51 GARRISON HIGH SCHOOL 51 5TH AVENUE, NE GARRISON, ND | NO INVOICES | NO INVOICES | NO INVOICES |
| KINDRED PUBLIC SCHOOL DISTRICT # 2 55 1ST AVENUE SOUTH KINDRED, ND 58051 | NO INVOICES | NO INVOICES | NO INVOICES |
| NORTH DAKOTA STATE BUILDINGS SEE ATTACHMENT "A" FOR LIST OF BUILDINGS AND ADDRESSES | SEE RESULTS ATTACHED | SEE RESULTS ATTACHED | SEE RESULTS ATTACHED |
| CLARA MAASS HOSPITAL (n/k/a CLARA MAASS MEDICAL CENTER) ONE CLARA MAASS DRIVE BELLEVILLE, NJ 17109 | 1 INVOICE –CLARA MAASS NURSES RESIDENCE | SEE RESULTS ATTACHED | NO INVOICES |

#21569237 v3.doc

In Re Owens Corning, et al., N0. 00-3837
Asbestos Property Damage Claims Case Management Order
KAYLO INVOICE SEARCH RESULTS

| SITE - FACILITY/ BUILDING | INVOICES TO SITE | INVOICES TO CITY | DISTRIBUTOR INVOICES TO CITY |
|---|---|---|---|
| FAIR LAWN PROFESSIONAL CENTER 26-07 BROADWAY FAIRLAWN, NJ 07410 | NO INVOICES | SEE RESULTS ATTACHED | SEE RESULTS ATTACHED |
| PRESBYTERIAN CHURCH OF JAMESBURG 11 WEST STREET JAMESBURG, NJ 08831 | NO INVOICES | NO INVOICES | NO INVOICES |
| 880 THIRD AVENUE BUILDING a/k/a 165 EAST 53rd STREET 880 THIRD AVENUE NEW YORK, NY. 10022 | NO INVOICES | SEE RESULTS ATTACHED | SEE RESULTS ATTACHED |
| ONE LIBERTY PLAZA BUILDING ONE LIBERTY PLAZA NEW YORK, NY 10006 | NO INVOICES | SEE RESULTS ATTACHED | SEE RESULTS ATTACHED |
| ALTOONA SCHOOL DISTRICT, Pennsylvania SEE ATTACHMENT "B" FOR LIST OF BUILDINGS AND ADDRESSES- | SEE RESULTS ATTACHED | SEE RESULTS ATTACHED | SEE RESULTS ATTACHED |
| ANDERSON MEMORIAL HOSPITAL 800 N. FANT. STREET ANDERSON, SC 29621 | NO INVOICES | SEE RESULTS ATTACHED | SEE RESULTS ATTACHED |
| THE CITY OF ROCK HILL BUILDINGS ROCK HILL CITY HALL BUILDING 155 HAMPTON STREET ROCK HILL, SC 29730 | NO INVOICES | SEE RESULTS ATTACHED | SEE RESULTS ATTACHED |
| ATHENS CITY BOARD OF EDUCATION, Tennessee SEE ATTACHMENT "C" FOR LIST OF BUILDINGS AND ADDRESSES | NO INVOICES | NO INVOICES | NO INVOICES |
| CLARKSVILLE (CLARKSVILLE MONTGOMERY BOARD OF EDUCATION), Tennessee SEE ATTACHMENT "D" FOR LIST OF BUILDINGS AND ADDRESSES | NO INVOICES | SEE RESULTS ATTACHED | SEE RESULTS ATTACHED |








In Re Owens Corning, et al., NO. 00-3837
Asbestos Property Damage Claims Case Management Order
KAYLO INVOICE SEARCH RESULTS:

| SITE - FACILITY/BUILDING | INVOICES TO SITE | INVOICES TO CITY | DISTRIBUTOR INVOICES TO CITY |
|---|---|---|---|
| RUTHERFORD BOARD OF EDUCATION, Tennessee<br><br>SEE ATTACHMENT "E" FOR LIST OF BUILDINGS AND ADDRESSES | NO INVOICES | SEE RESULTS ATTACHED | SEE RESULTS ATTACHED |
| GREEN BAY AREA PUBLIC SCHOOLS<br>LINCOLN ELEMENTARY<br>1105 SHAWANO AVENUE<br>GREEN BAY, WI | NO INVOICES | SEE RESULTS ATTACHED | SEE RESULTS ATTACHED |
| SAINT PETER AND PAUL CONGREGATION<br>ALL SAINTS CATHOLIC ELEMENTARY SCHOOL<br>461 N. MURRAY AVENUE<br>MILWAUKEE, WI 53211 | NO INVOICES | SEE RESULTS ATTACHED | SEE RESULTS ATTACHED |
| WAUWATOSA SCHOOL DISTRICT, Wisconsin<br><br>SEE ATTACHMENT "F" FOR LIST OF BUILDINGS AND ADDRESSES | NO INVOICES | SEE RESULTS ATTACHED | SEE RESULTS ATTACHED |
| WINNECONNE PUBLIC SCHOOL DISTRICT, Wisconsin<br><br>SEE ATTACHMENT "G" FOR LIST OF BUILDINGS AND ADDRESSES | NO INVOICES | NO INVOICES | NO INVOICES |

A46

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                              :      Chapter 11
                                    :
OWENS CORNING, et al.,              :      Case Nos. 00-3837 (JKF)
                                    :
         Debtors.                   :      (Jointly Administered)
                 .                         Related to Docket No. _____
                                           Hearing Date: January 24, 2005
                                           Agenda Item No. _____

## ORDER GRANTING OBJECTION TO ASBESTOS PROPERTY DAMAGE CLAIMS OF THE STATE OF NORTH DAKOTA (CLAIM # 8774 AND # 8922)

Upon consideration of the Debtors' Objection to Asbestos Property Damage

Claims of the State of North Dakota (claim # 8774 and # 8922) (the "Objection"), the

Court finding good and sufficient cause for granting the relief requested in the Objection;

and after proper notice and opportunity to respond to the Objection; and the Court having

jurisdiction over this matter pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court

having found that the holder of the claims objected to in the Objection was properly and

timely served with a copy of the Objection, and the proposed order and the Court

otherwise being fully advised in the premises, it is hereby

ORDERED that the Objection is granted in its entirety; and it is further

ORDERED that the asbestos property damage claims (claim # 8774 and # 8922)

be, and hereby are, disallowed and expunged in their entirety; and it is further

ORDERED that Robert L. Berger & Associates, LLC, the official claims agent

appointed in these cases, is hereby authorized and directed to make such revisions to the

A-47

Claims Registry as are necessary to reflect the relief granted pursuant to this Order; and it is further

ORDERED that the Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: January ___, 2005

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

A-48

## File a Claim action:
### 00-03837-JKF OWENS CORNING, A DELAWARE CORPORATION and U.S. District Court for the Eastern District of Pe

U.S. Bankruptcy Court

District of Delaware

Notice of Electronic Filing

The following transaction was received from Stickles, J. Kate entered on 12/3/2004 at 6:32 PM EST and filed on 12/3/2004

| | |
|---|---|
| Case Name: | OWENS CORNING, A DELAWARE CORPORATION and U.S. District Court for the Eastern District of Pe |
| Case Number: | 00-03837-JKF |
| Document Number: | 13515 |

Docket Text:
Objection to Claim *(Debtors' Objection to Asbestos Property Damage Claims of the State of North Dakota (claim # 8774 and # 8922))*. Filed by OWENS CORNING, A DELAWARE CORPORATION Hearing scheduled for 1/24/2005 at 10:00 AM at US Bankruptcy Court, 824 Market St., 6th Fl., Courtroom #2, Wilmington, Delaware. Objections due by 1/7/2005. (Attachments: # (1) Notice of Objection# (2) Exhibit A# (3) Exhibit B# (4) Proposed Form of Order)(Stickles, J.)

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:U:\00-3837\512172.1\North Dakota Objection.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=983460418 [Date=12/3/2004] [FileNumber=3226436-0]
[1bea181f7e8b3a2baaf599b66560b30f1109872e3c3c7ebe20811e7eb1715a168e22
88bd1b06e76254a9732d3ba181fcf8cacb1ccfebd4ae2951d8a70d8104aa]]
Document description:Notice of Objection
Original filename:U:\00-3837\512172.1\Notice.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=983460418 [Date=12/3/2004] [FileNumber=3226436-1]
[0dd3952f63e36ecec365e1b4fb3938012ada625f83e6cd153d82d76cdc5ed1e6a29e
8315e303707de95b046285ddb9251360b66a30a4350cf283bcf298e0cbae]]
Document description:Exhibit A
Original filename:U:\00-3837\512172.1\Exhibit A.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=983460418 [Date=12/3/2004] [FileNumber=3226436-2]
[3cc442e65a2d12b268c9b48ad36ad81cda8fbf3cdb8095357fb798be5e912453d445
7f49c1d173a9c64013a83885a2a70f850f03feba447410f568f28a471ef6]]
Document description:Exhibit B                   A-49
Original filename:U:\00-3837\512172.1\Exhibit B.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=983460418 [Date=12/3/2004] [FileNumber=3226436-3]