IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| OWENS CORNING, *et al.*, | ) | Bankruptcy Case No. 00-3837 (JKF) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| THE STATE OF NORTH DAKOTA, | ) | |
| | ) | |
| Appellant, | ) | Civil Action No. 05-573 (JPF) |
| | ) | |
| v. | ) | |
| | ) | |
| OWENS CORNING, *et al.*, | ) | |
| | ) | |
| Appellee. | ) | |

**APPELLANT'S REPLY BRIEF ON THE STATE OF NORTH DAKOTA'S APPEAL
OF THE DISMISSAL OF ITS ASBESTOS PROPERTY DAMAGE CLAIMS**

Theodore J. Tacconelli (No. 2678)
FERRY, JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware 19899
Telephone: (302) 575-1555

-and-

Daniel A. Speights, Esquire
SPEIGHTS & RUNYAN
200 Jackson Avenue East
P.O. Box 685
Hampton, South Carolina 29924
Telephone: (803) 943-4444

Co-Counsel for Appellant, The State
of North Dakota

Dated: October 4, 2005

# TABLE OF AUTHORITIES

**Cases:**                                                                                                  **PAGE**

*Montana-Dakota Utilities Co. v. W.R. Grace & Co.*
14 F.3d 1274 (8th Cir. 1994) .................................... 1

North Dakota Cent. Code § 28-01-47 .................................. 1

*State v. Hagerty*
580 N.W.2d 139 (N.D. 1998) ..................................... 2

The Debtors state in their Conclusion that this Court should affirm the Bankruptcy Court's determination that the State's claims are barred because, "the Act unambiguously sets August 1, 1997 as the deadline by which all asbestos property damage **claims** must be filed on behalf of public building owners." Appellee's brief at 12 (emphasis supplied). Earlier, the Debtors cite the Sponsor's statement that the State would have until 1997 "to bring their **claims**." Id. at 6 (emphasis supplied).[1] Most importantly, the Debtors cite the Bankruptcy Court's finding to the same effect: "[T]he legislative history makes it clear that the state is imposing an obligation on building owners to figure out whether they do have a **claim**, and **if so**, to bring it by 1997." Id. at 6 (emphasis supplied).[2]

Therein lies the gravamen of the dispute. The Debtors argue that their Objection should be sustained because the State did not make a **claim** against them prior to August 1, 1997. The State counters that the Bankruptcy Court's determination should be reversed because there is no evidence that it had a property damage **claim** against the Debtors prior to August 1, 1997.[3] Indeed, as the State showed in its primary brief, heretofore the Debtors have asserted that they are also entitled to

---

[1] Significantly, the Debtors also cite the Sponsor's belief that "'The current law as it exists would require or provide that claims for asbestos removal would run virtually forever because the statute starts to run six years after the time the agency knew or should reasonably have known that there was asbestos in these buildings.'" Id. at 6-7. As discussed in the State's primary brief, that is what the lower Court had ruled in the MDU decision. Appellant's Brief at 7. However, the Eighth Circuit's decision in MDU made it clear that in North Dakota, a building owner does not have a claim **and** cannot bring a lawsuit until there is proof of contamination and concomitant health risk. Id.

[2] The Debtors also point out that the Bankruptcy Court equated knowing you are going to have to spend money with a claim: "[The statute] says, Look, folks, you know you've got asbestos in your building. Go figure out what it is, what it's going to cost to re-mediate it, and bring a claim, and if you don't do it by 1997, you're not going to be able to do it after, and it seems pretty clear on its face." Id. at 5. The State wishes that is all a building owner must do to recover, but all the North Dakota property damage lawsuits cited in its primary brief teach otherwise. See Appellant's Brief at 5-7.

[3] The State also continues to believe that it only had to file claims prior to August 1, 1997, to benefit from the revival portion of the Act. See Appellant's Brief at 10.

1

relief because, "There is no evidence of any harm arising from the Debtors' product." Appellant's Brief at 8.

The Debtors apparently recognize their dilemma because for the first time in this long dispute, they assert that the State knew that it had been injured by the type of product manufactured by the Debtors prior to August 1997. Specifically, the Debtors now allege that a year after the passage of the Act, the State brought "an asbestos property damage action in connection with pipe and block insulation–the same types of asbestos products sold by Owens Corning and its affiliated debtors and debtors-in-possession (the "Debtors")–in its schools and other state buildings. North Dakota's 1994 property damage claim was not, however, filed against the Debtors but against another pipe and block insulation manufacturer." Appellee's Brief at 2.

There is no evidence to support this statement. The exhibit referred to simply states that the State first made a property damage claim in 1994. In fact, the State brought a lawsuit against the manufacturers of asbestos-containing surface treatment spray applied to steel frames and ceilings in buildings located throughout the State. See State v. Hagerty, 580 N.W.2d 139 (N.D. 1998). The Defendants in that case were the same manufacturers of that distinct type of material who had been Defendants in all of the other North Dakota asbestos property damage cases cited by the State in its primary brief. Contrary to the Debtors' assertion, the State never sued the manufacturers of any pipe and boiler insulation. The Debtors' assertion to the contrary not only is an egregious misstatement of fact wholly unsupported by the record in this case, but demonstrates the Debtors' recognition that it must show that the State had been injured by their products prior to August 1, 1997.[4]

---

[4] Of course, even if the State had brought a lawsuit against another manufacturer of pipe and boiler insulation, there would still be an issue of fact as to whether the Debtors' product caused injury prior to August 1, 1997.

2

## CONCLUSION

For the reasons set forth above and in the State's primary brief, the judgment below should be reversed.

Dated: October 4, 2005                    FERRY, JOSEPH & PEARCE, P.A.

/s/ Theodore J. Tacconelli
Theodore J. Tacconelli (No. 2678)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware 19899
(302) 575-1555

-and-

SPEIGHTS & RUNYAN
Daniel A. Speights, Esquire
200 Jackson Avenue East
P.O. Box 685
Hampton, South Carolina 29924
Telephone: (803) 943-4444

Co-Counsel for Appellant, The State of North Dakota

## CERTIFICATE OF SERVICE

I, Theodore J. Tacconelli, certify that I am not less than 18 years of age, and that service of the foregoing *Appellant's Reply Brief* was made on October 4, 2005, upon the following parties in the manner indicated:

| BY HAND DELIVERY | BY FIRST-CLASS U.S. MAIL |
|---|---|
| Norman L. Pernick, Esquire<br>J. Kate Stickles, Esquire<br>Saul Ewing LLP<br>222 Delaware Avenue, Suite 1200<br>Wilmington, DE 19801 | Mary Beth Hogan, Esquire<br>Debevoise & Plimpton, LLP<br>919 Third Avenue<br>New York, NY 10022 |

Under penalty of perjury, I declare that the foregoing is true and correct.

Theodore J. Tacconelli, Esquire (No. 2678)