IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE STATE OF NORTH DAKOTA | : | CIVIL ACTION |
| v. | : | NO. 05-573 |
| OWENS CORNING, *et al.* | : | (Bankruptcy Case No. 00-3837) |

MEMORANDUM AND ORDER

Fullam, Sr. J.                                                                                                                                               October 11, 2005

The State of North Dakota appeals from the July 8, 2005 Order of the Bankruptcy Judge granting the Debtors' Objection to Asbestos Property Damage Claims of the State of North Dakota on claims 8774 and 8922. The parties have briefed the matter, and I have determined that oral argument is not necessary.

In 2002, North Dakota filed claims seeking recovery of costs associated with asbestos abatement of 232 public buildings. The relevant North Dakota statute, enacted in 1993 and entitled "Limitation of action for asbestos claims," provides that:

> 1. The legislative assembly finds that it is in the interest of the general public, particularly those persons who may bring claims regarding materials containing asbestos in public buildings and those against whom the claims may be brought, to set a specific date by which public building owners must bring a cause of action for removal or other abatement costs associated with the presence of asbestos in their buildings. By enactment of this statute of limitations, the legislative assembly does not imply that suits would otherwise be barred by an existing limitations period.
>
> 2. Notwithstanding any other law to the contrary, any action to recover costs for removal and replacement of asbestos or materials containing asbestos from a public building; to recover costs for other measures taken to locate, correct, or ameliorate any problem related to asbestos in a public building; or for

> reimbursement for removal and replacement, correction, or amelioration of an asbestos problem in a public building, must be commenced prior to August 1, 1997. Any such action which would otherwise be barred before August 1, 1997, as a result of expiration of the applicable period of limitation, is revived or extended. An asbestos action revived or extended under this subsection must be commenced prior to August 1, 1997.
>
> 3. For purposes of this section, "public building" means any building owned by any county, city, township, school district, park district, or any other unit of local government, the state or any agency, industry, institution, board, or department thereof.

N.D. Cent. Code § 28-01-47 (2003). The language of the statute is unambiguous: "any action" "must be commenced prior to August 1, 1997." Id. North Dakota argues that no cause of action can accrue until the building owner reasonably could have learned of asbestos contamination and therefore it can bring suit at any time after such discovery. In support of its argument, it cites Montana-Dakota Utilities Co. v. W.R. Grace & Co., 14 F.3d 1274 (8th Cir. 1994); Tioga Public School # 15 of Williams County v. United States Gypsum Co., 984 F.2d 915 (8th Cir. 1993); and Hebron Public School District of Morton County v. United States Gypsum Co., 475 N.W.2d 120 (N.D. 1991). None of these cases addresses section 28-01-47, which sets an absolute bar date of August 1, 1997, "[n]otwithstanding any other law to the contrary," providing more time for claims that may otherwise have expired and also bringing finality to the period during which claims could be brought. In this way, it serves as both a statute of limitations and a statute of repose. Under North Dakota law,

> [a] statute of repose terminates any right of action after a specific time has elapsed, regardless of whether or not there has as yet been an injury. A statute of repose period begins to run from the occurrence of some event other than the event of an injury that gives rise to a cause of action and, therefore, bars a cause of action before the injury occurs. A person injured after the statutory period of repose is left without a remedy for the injury.

<u>Hoffner v. Johnson</u>, 660 N.W. 2d 909, 914 (N.D. 2003) (discussing N.D. Cent. Code § 28-01-18(3) (2003), which establishes a two-year statute of limitations and a six-year statute of repose in medical malpractice actions).  North Dakota was on notice beginning in 1993 that if it intended to bring suit against asbestos manufacturers it had to determine whether public buildings were contaminated and act within the next four years.

North Dakota argues that section 28-01-47 is not a statute of repose because it does not use the word repose and because the North Dakota Supreme Court held that the statute of repose covering construction did not apply to asbestos materials.  <u>Hebron</u>, 475 N.W.2d at 126-27.  The statute need not use the word "repose" (other North Dakota statutes do not), and the legislature directly addressed asbestos in section 28-01-47, two years after <u>Hebron</u> was decided.

North Dakota contends that "the legislature intended to assist public building owners, not to discriminate against them."  Appellant's Brief at 9.  In the first sentence of the statute, the legislature stated an intent to act in the interest of both "those persons who may bring claims" and "those against whom the claims may be brought."  N.D. Cent. Code § 28-01-47(1) (2003).  North Dakota has not argued an equal protection violation with regard to the statute's limitation to public buildings, and as the Bankruptcy Judge correctly found, the statutory language is clear.  Because the statute needs no clarification I have not based this ruling on the legislative history, but the materials provided in the appendix are consistent with the plain language of the statute.

The Order of the Bankruptcy Judge will therefore be affirmed.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE STATE OF NORTH DAKOTA | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | NO. 05-573 |
| | : | |
| OWENS CORNING, *et al.* | : | (Bankruptcy Case No. 00-3837) |

ORDER

AND NOW, this 11th day of October, 2005, IT IS ORDERED:

That the Order of Bankruptcy Judge Judith K. Fitzgerald dated July 8, 2005, granting the Debtors' objection and ordering that asbestos property damages claims # 8774 and #8922 are disallowed and expunged in their entirety is AFFIRMED in all respects.

BY THE COURT:

/s/John P. Fullam
John P. Fullam, Sr. J.